**LIANG QIN CHEN, a.k.a. Chuan Fu Lin, a.k.a. Qiang Zhao, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General *, Respondent.**

**No. 08–2306–ag.**

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney, General; Linda S. Wernery, Assistant Director; Scott Rempell, United States Department of Justice, Washington, DC, for Petitioner.

Present DENNIS JACOBS, Chief Judge, JON O. NEWMAN and JOHN M. WALKER, JR., Circuit Judges.

***SUMMARY ORDER***

Petitioner Liang Qin Chen, a native and citizen of the People's Republic of China, seeks review of an April 17, 2008 order of the BIA, affirming the April 25, 2006 decision of Immigration Judge ("IJ") Noel Anne Ferris, which denied his first motion to reopen, and denying his second motion to reopen. *In re Chuan Fu Lin,* No. A072 971 425 (B.I.A. Apr. 17, 2008), *aff'g* No. A072 971 425 (Immig. Ct. N.Y. City Apr. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Chen's untimely motions to reopen.

Chen argues that the BIA erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief based on the birth of his U.S. citizen children. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei*

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of Chen's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

The BIA also reasonably determined that much of the evidence Chen submitted in support of his claim based on his practice of Christianity concerned his personal activities in the United States rather than country conditions in China. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir.2008); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006). The evidence Chen identifies concerning the arrest of a pastor of an underground church, the sentencing of individuals for conducting worship services in their home, and increased "repression" of unregistered Catholics does not compel the conclusion that the treatment of Christians in China has materially changed or that any harm to which he would be subject for his religious practices would amount to persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

Finally, the BIA's determination that Chen was ineligible to file a successive

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).